In the Matter of the Claim of BERTHA SHOTKIN, Respondent. ISADOR LUBIN, as Industrial Commissioner, Appellant.— Appeal by the Industrial Commissioner from a decision of the Unemployment Insurance Appeal Board which affirmed the decision of an unemployment insurance referee, overruling an initial determination by the Industrial Commissioner, disqualifying the claimant from receiving benefits on the ground that she had, without just cause, refused employment for which she was reasonably fitted by training and experience. The claimant had been employed for 13 years as a bookkeeper at an initial salary of $65 per week and a final salary of $73 per week. Upon her discharge, upon the reorganization of the business of her last employer, she filed a claim for unemployment insurance benefits, on October 6, 1955, effective October 3, 1955. The claimant described her last job as that of assistant bookkeeper and she was so classified by the employment service. On November 23, 1955, the claimant was referred to a job as an assistant bookkeeper in a hospital at a salary of $65 per week. She refused this referral on the ground that the salary was too low. She had indicated that she desired a minimum salary of $70 per week and her card at the employ-

ment service had been marked accordingly. Apparently, up to November 23, 1955, the employment service had been unable to find a bookkeeping position for the claimant paying $70 per week or more and the claimant had been unable to find any through her own efforts, despite the fact that she had answered all advertisements of bookkeeping jobs offering $70 or more. Upon her refusal to accept the position offered to her on November 23, the local unemployment insurance office disqualified her from further benefits. On December 16, 1955, the claimant obtained a bookkeeping job at $75 per week through a private employment agency. The controversy relates to unemployment insurance benefits for the period from November 23 to December 16, 1955. The referee found that the job offered to the claimant was at a salary substantially lower than that prevailing for similar work in the locality and accordingly overruled the initial determination by the local office. Upon appeal, the Unemployment Insurance Appeal Board did not pass on the ground given by the referee but affirmed the decision upon a different ground. The board held that the claimant, on the basis of her training and experience, was entitled to classification as an accounting clerk, senior, the prevailing wage for which the board found to be $76.50 to $80 per week. Therefore the board held that the claimant had good cause to refuse the offer of employment as an assistant bookkeeper tendered to her. The statutory test of disqualification for refusal of employment is whether the offer of employment refused by the claimant was one for which she was "reasonably fitted by training and experience". Of course, an effort must be made first to find employment for the claimant at the highest level of skill which she has attained in her training and experience but, if work at that level cannot be found after it has been sought for a reasonable length of time, the claimant must accept employment tendered to her at a lower level, if it is not unreasonably remote from the highest level for which her prior training and experience fitted her. The claimant has no right to insist upon "the full utilization of all skills" (Matter of Greaser, 279 App. Div. 702, 703, and the cases there cited). In this case, it appears that over six weeks had elapsed between the time of the registration of the claimant and the time of the job offer in question and that the claimant had been unable to find a position utilizing all her skills during that time. There is an implied suggestion in the board's decision that, if the employment service had properly classified the claimant, they could have found a position for her utilizing more of her skills but there is no evidence in the record to that effect. The fact that the claimant subsequently found a position paying $75 per week does not demonstrate that such a position was available at the time of the job offer. The position of assistant bookkeeper tendered to the claimant was not unreasonably remote from the highest position for which her training and experience fitted her. Furthermore, the classification of the claimant was a matter of controversy and the board should have given the Industrial Commissioner full opportunity to present proof on that subject. It is true that the claimant's skills were somewhat above those required for an assistant bookkeeper, as that position is defined in the Industrial Commissioner's survey, but, as the board recognized in its opinion, the claimant did not "possess all of the stated experience or various qualifications" for the position of accounting clerk, senior, which the board thought "more nearly match[ed]" the claimant's previous experience and qualifications. The commissioner offered additional proof on the question of the proper job classification but the board declined to hear it. Decision of the Unemployment Insurance Appeal Board reversed, without costs, and the matter remitted to the board for further proceedings. Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ., concur. [See post, p. 926.]